1  WULFSBERG REESE COLVIG & FIRSTMAN
   PROFESSIONAL CORPORATION
2  William L. Darby – 133325
   wdarby@wulfslaw.com
3  Kaiser Center
   300 Lakeside Drive, 24th Floor
4  Oakland, CA 94612-3524
   Telephone: (510) 835-9100
5  Facsimile: (510) 451-2170

6
   Attorneys for Defendant
7  PRIMARIS AIRLINES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRANS-PACIFIC AVIATION SERVICES, INC, a California Corporation; <br><br> Plaintiff, <br><br> vs. <br><br> PRIMARIS AIRLINES, INC., a Nevada Corporation, and DOES 1 through 100, inclusive; <br><br> Defendant. <br> _____ <br> PRIMARIS AIRLINES, INC., a Nevada Corporation, <br><br> Counter Claimant, <br><br> vs. <br><br> TRANS-PACIFIC AVIATION SERVICES, INC, a California Corporation, DOES 1 through 10, and ROE Business Entities 1 through 10. <br><br> Counter-Defendants. <br> _____ | **Case No. 008-00139: JCS** <br><br><br> **DEFENDANT PRIMARIS AIRLINES INC.'S ANSWER AND COUNTERCLAIM** |

COMES NOW Defendant PRIMARIS AIRLINES, INC. (hereinafter "Primaris" or "Defendant") by and through its counsel of record Wulfsberg Reese Colvig & Firstman, and as and for its Answer to the Complaint filed by Plaintiff, TRANS-PACIFIC AVIATION SERVICES, INC, a California Corporation (hereinafter "Trans-Pacific"), admits, denies and avers as follows:

1. Answering Paragraph 1, Defendant admits that Trans-Pacific has alleged causes of action against Primaris, but denies any wrong doing that would give rise to causes of action against Primaris or liability of Primaris.

2. Answering Paragraph 3a, Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or falsity of the allegations and on that basis denies each and every allegation set forth therein.

3. Answering Paragraph 4a, Defendant admits that Primaris Airlines, Inc. is a corporation.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

4. Answering Paragraph BC-1, Defendant admits that on or about October 27, 2006, Trans-Pacific entered into an agreement with Primaris, and that a true and correct copy of that agreement is attached to Trans-Pacific's Complaint.

5. Answering Paragraph BC-2, Defendant denies each and every allegation set forth therein.

6. Answering Paragraph BC-3, Defendant denies each and every allegation set forth therein.

7. Answering Paragraph BC-4, Defendant denies each and every allegation set forth therein.

Law Offices
**WULFSBERG REESE COLVIG & FIRSTMAN**
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 1 -
DEFENDANT PRIMARIS AIRLINES INC.'S ANSWER AND COUNTERCLAIM
2042-001\2198300.1

## SECOND CAUSE OF ACTION
### (Common Counts)

8. Answering Paragraph CC-1, Defendant denies each and every allegation set forth therein, including its subparagraphs.

9. Answering Paragraph CC-2, Defendant denies each and every allegation set forth therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a claim)

Trans-Pacific has failed to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Acts of Third Parties)

The alleged occurrences referred to in Trans-Pacific's Complaint and all damages, if any, resulting there from were caused by the acts or omissions by third parties over whom Defendant had no control.

### THIRD AFFIRMATIVE DEFENSE
#### (Failure to Name Indispensable Party)

Trans-Pacific has failed to name an indispensable party or parties necessary for full and adequate relief essential in this action.

### FOURTH AFFIRMATIVE DEFENSE
#### (Intervening Cause)

The damages, if any, suffered by Trans-Pacific were caused in whole or in part by an independent intervening cause and were not the result of any intentional, willful, malicious, or negligent act or acts on the part of Defendant.

### FIFTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

Trans-Pacific has failed to commence an action within the period of limitations; therefore, this action is barred by the statutes of limitations and no recovery may be had.

Law Offices
**WULFSBERG REESE COLVIG & FIRSTMAN**
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

### SIXTH AFFIRMATIVE DEFENSE
**(Voluntary Waiver)**

Trans-Pacific has voluntarily waived any right of recovery against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE
**(Failure to Plead with Sufficient Specificity)**

Trans-Pacific has failed to plead with sufficient specificity any violations of codes, ordinances, regulations, statutes or other laws.

### EIGHTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Trans-Pacific has failed, refused, and neglected to take reasonable steps to mitigate its alleged damages, thus barring or diminishing Trans-Pacific's recovery herein.

### NINTH AFFIRMATIVE DEFENSE
**(Latches, Estoppel, and Waiver)**

Trans-Pacific's claims are barred by the doctrines of latches, estoppel and waiver.

### TENTH AFFIRMATIVE DEFENSE
**(Good Faith Controversy Justifying Costs)**

Trans-Pacific's claims were brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law, which warranted a filing of claims against Defendant. Trans-Pacific should therefore be responsible for all of Defendant's necessary and reasonable defense costs, including but not limited to attorneys' fees.

### ELEVENTH AFFIRMATIVE DEFENSE
**(No Duty Owed)**

Trans-Pacific has not established that Defendant owed Trans-Pacific a duty of any kind.

### TWELFTH AFFIRMATIVE DEFENSE
**(Waiver by Own Acts or Omissions)**

By Trans-Pacific own acts and/or omissions, Trans-Pacific waived any rights that it might otherwise have had against Defendant.

DEFENDANT PRIMARIS AIRLINES INC.'S ANSWER AND COUNTERCLAIM
2042-001\2198300.1

Law Offices
**WULFSBERG REESE COLVIG & FIRSTMAN**
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Trans-Pacific's claims should be reduced, modified and/or barred by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

The applicable provisions of the Statute of Frauds bar the events alleged in Trans-Pacific's claims.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Trans-Pacific lacks standing to bring its Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Approval of Alleged Acts)

Trans-Pacific has approved of and ratified the alleged acts of Defendant for which Trans-Pacific now complains.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Full Performance)

Defendant has fully performed his obligations under any and all agreements between Defendant and Trans-Pacific.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Rule 8)

Answering Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth at length herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of court to amend this Answer to specifically assert the same. Said defenses are incorporated by reference for the specific purpose of not waiving the same.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Rule 11)

Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were available after reasonable inquiry upon the filing of this Answer and, therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

**WHEREFORE**, this answering Defendant prays that a judgment be entered against Trans-Pacific dismissing Trans-Pacific's Complaint with prejudice and awarding said Defendant its costs and attorneys' fees herein.

## COUNTERCLAIM

COMES NOW Defendant/Counterclaimant PRIMARIS AIRLINES, INC., (hereinafter "Primaris" or "Counterclaimant") by and through it counsel of record, Wulfsberg Reese Colvig & Firstman, and as and for its Counterclaim against TRANS-PACIFIC AVIATION SERVICES, INC. (hereinafter "Trans-Pacific" or "Counter-Defendant"), hereby complains and alleges as follows:

## VENUE AND JURISDICTION

1. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Jurisdiction is also appropriate herein pursuant to 28 U.S.C. § 1367.

2. This Court further has pendent jurisdiction to hear the matters set forth herein.

3. Venue is proper in this Court and in this District pursuant to 28 U.S.C. § 1441(a) because this is the district and division embracing the place where the state court action was pending prior to removal. Venue is also proper in this Court and in this District pursuant to 28 U.S.C. § 1391(a) (2), because "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

4. Primaris is and at all times relevant to this Counterclaim was, a Nevada Corporation with its principal place of business located in Clark County, Nevada.

Law Offices
**WULFSBERG REESE COLVIG & FIRSTMAN**
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

5. Trans-Pacific is and at all times relevant to this Counterclaim was, a California Corporation with its principal place of business in Alameda County, California.

## GENERAL ALLEGATIONS

6. On or about October 27, 2006, Primaris and Trans-Pacific entered into a "Standard Ground Handling Agreement" (hereinafter the "Agreement"), wherein Primaris agreed to pay for and Trans-Pacific agreed to provide certain services to assist Primaris in maintaining its commercial aviation business.

7. Part of the services which Trans-Pacific was to provide included maintenance on Primaris' commercial aircraft.

8. In late 2006 and early 2007, Primaris began to suspect that Trans-Pacific was consistently overbilling for the work it did perform, and even billing for work that was not performed. As a result, Primaris requested that Trans-Pacific conduct an audit of their billing and services.

9. Trans-Pacific's Director of Maintenance and Director of Quality thereafter performed an audit, which audit resulted in Trans-Pacific reducing their first quarter 2007 billings to Primaris by $120,000.00.

10. Even after the audit, Trans-Pacific continued to overbill Primaris for work and continued to bill Primaris for work that Trans-Pacific never performed.

11. Additionally, Trans-Pacific failed to return parts that had been removed and/or replaced from Primaris' commercial aircraft, causing Primaris to incur substantial late penalties.

12. Trans-Pacific failed on numerous occasions to provide timely service, resulting in delays and cancellations, damage to Primaris' reputation, as well as loss in Primaris' revenue.

13. Because of Trans-Pacific's continued wrongful and abusive billing practices, poor service, and questionable accounting, Primaris terminated its Agreement with Trans-Pacific.

14. Trans-Pacific has not produced an accurate accounting of Primaris' parts and equipment remaining in Trans-Pacific's custody following Trans-Pacific's termination.

Law Offices
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

15. After Primaris terminated Trans-Pacific, Trans-Pacific placed a lien on three air craft operated by Primaris as part of its interstate commercial service without just cause.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

16. Primaris repeats and realleges each and every allegation contained above and incorporates the same by reference as though fully set forth herein.

17. Trans-Pacific's continued overbilling and billing for work which was not performed constitutes a breach of the Agreement between Primaris and Trans-Pacific.

18. Primaris performed its obligations which were required of it under the Agreement, or was excused from performance due to the material breaches and failures of Trans-Pacific to satisfy terms and conditions of the Agreement.

19. As a direct and proximate result of Trans-Pacific's material breach of the Agreement, Primaris has suffered direct and consequential damages in an amount in excess of $75,000.00, plus legal interest accruing at the highest rate allowed by law.

20. Primaris has been required to retain the services of counsel to prosecute this counterclaim and is entitled to an award as and for its reasonable attorney's fees and costs incurred herein.

### SECOND CAUSE OF ACTION

### (Unjust Enrichment)

21. Primaris repeats and realleges each and every allegation contained above and incorporates the same by reference as though fully set forth at length herein.

22. Because of their overbilling and billing for work which was never performed, Trans-Pacific has been unjustly enriched, all to the damage of Primaris, in an amount in excess of $75,000.00 plus interest accruing thereon at the highest allowable rate.

23. Primaris is entitled to judgment against Trans-Pacific in the amount of Trans-Pacific's unjust enrichment.

Law Offices
**WULFSBERG REESE COLVIG & FIRSTMAN**
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

24. Primaris has been required to retain the services of counsel to prosecute this counterclaim and is entitled to an award as and for its reasonable attorney's fees and costs incurred herein.

### THIRD CAUSE OF ACTION
#### (Slander of Title)

25. Primaris repeats and realleges each and every allegation contained above and incorporates the same by reference as though fully set forth herein.

26. Primaris holds an interest in the aircraft at issue in this dispute.

27. One of the aircraft in question, Aircraft N742PA, is owned by Pals VI, Inc.

28. The second aircraft in question, Aircraft N741PA, is owned by Pegasus Aviation V, Inc.

29. The third aircraft in question, Aircraft N740PA, is owned by East Trust Sub 2.

30. Pursuant to California Business and Professions code §9791, special liens on aircraft are only allowed on work performed on general aviation aircraft.

31. The aircraft which is leased and used by Primaris does not qualify as general aviation aircraft and as such cannot be liened.

32. Trans-Pacific has maliciously, willfully, and wrongfully recorded its lien on the three aircraft at issue, and has thereby tainted and slandered Primaris' interest in the property.

33. As a result, Primaris has suffered damages in an amount in excess of $75,000.00.

34. Primaris has been required to retain the services of counsel to prosecute this counterclaim and is entitled to an award as and for its reasonable attorney's fees and costs incurred herein.

### FOURTH CAUSE OF ACTION
#### (Intentional Interference with a Contractual Relationship)

35. Primaris repeats and realleges each and every allegation contained above and incorporates the same by reference as though fully set forth herein.

36. Primaris had valid and existing contracts with Pegasus Aviation V, Inc., and Pals VI, Inc. and East Trust Sub 2 for the lease of aircraft registered with the FAA as N740PA, N741PA and N742PA, respectively.

37. Trans-Pacific had knowledge of those contracts and has engaged in intentional acts designed to disrupt said contracts.

38. As a direct and proximate result of the aforementioned interference with Primaris' contracts, Primaris has suffered damages in excess of $75,000.00.

39. Primaris has been required to retain the services of counsel to prosecute this counterclaim and is entitled to an award as and for its reasonable attorney's fees and costs incurred herein.

### FIFTH CAUSE OF ACTION
(Accounting)

40. Primaris repeats and realleges each and every allegation contained above and incorporates the same by reference as though fully set forth herein.

41. On various occasions, Trans-Pacific has overbilled Primaris for services it provided.

42. On various occasions, Trans-Pacific has billed Primaris for work which was never performed.

43. Trans-Pacific has never provided an accurate accounting of parts and equipment belonging to Primaris, including parts and equipment which is believed to remain in the custody of Trans-Pacific.

44. Primaris does not have access to the accounting and other business records of Trans-Pacific.

45. Without such access, Primaris is unable to determine the amounts owed to Primaris and Primaris' entitlement to parts and equipment.

46. For the reasons set forth above, Primaris is without an adequate remedy at law and therefore requests an accounting of Trans-Pacific's business records, as well part and equipment improperly held by Trans-Pacific.

- 9 -
DEFENDANT PRIMARIS AIRLINES INC.'S ANSWER AND COUNTERCLAIM
2042-001\2198300.1

## SIXTH CAUSE OF ACTION
**(Declaratory Relief)**

47. Plaintiff repeats and realleges each and every allegation contained within the preceding paragraphs and incorporates the same by reference, and further alleges as follows:

48. There exists a justifiable controversy between Primaris, on the one hand, and Trans-Pacific, DOES 1 through 10 and ROE business entities 1 through 10, on the other hand, regarding (i) monies obtained by Trans-Pacific from Primaris for services provided under the Agreement, (ii) the validity and legality of the liens recorded by Trans-Pacific against aircraft leased by Primaris; and (iii) custody of Primaris' parts and equipment believed to be improperly held by Trans-Pacific.

49. Primaris has legally protectable interests under the Agreement and under various lease agreements and it has become apparent that Primaris' rights under the Agreement are adverse to Trans-Pacific and that Trans-Pacific, based upon its own conduct, has not and will not grant Primaris relief absent judicial intervention. Through this counterclaim, Primaris desires a judicial declaration of the parties' rights and duties in connection with the controversies alleged above.

50. As a direct and proximate result of Trans-Pacific's conduct, Primaris has been required to engage the services of an attorney to prosecute this matter and Primaris is entitled to its reasonable attorneys' fees and costs.

**WHEREFORE,** Primaris prays for judgment against Trans-Pacific as follows:

1. Actual Damages in an amount in excess of $75,000.00;

2. Special Damages in an amount in excess of $75,000.00;

3. Consequential Damages in an amount in excess of $75,000.00;

4. An immediate release of any an all liens which Trans-Pacific has against aircraft leased and used by Primaris;

5. An accounting of Trans-Pacific's accounts and business records;

6. Declaratory Relief regarding the rights and obligations of the parties;

1   7. Attorneys' fees and costs of suit incurred herein; and

2   8. For such other and further relief as this Court deems just and proper.

4  DATED this 15th day of January, 2008.

6   WULFSBERG REESE COLVIG & FIRSTMAN
    PROFESSIONAL CORPORATION

9   By_____ /s/ _____
    William L. Darby, Esq.
10  CA. Bar No. 13332
    Attorney for Defendant and Counterclaimant
11  PRIMARIS AIRLINES, INC.

Law Offices
**WULFSBERG REESE COLVIG & FIRSTMAN**
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

- 11 -
DEFENDANT PRIMARIS AIRLINES INC.'S ANSWER AND COUNTERCLAIM
2042-001\2198300.1