1   MICHAEL L. DWORKIN (STATE BAR NO. 64047)
2   JOHN T. VAN GEFFEN (STATE BAR NO. 247084)
    MICHAEL L. DWORKIN and ASSOCIATES
3   465 California Street, Suite 210
    San Francisco, California   94104
4   Telephone:  (415) 421-2500
5   Facsimile:  (415) 421-2560

6   Attorneys for Plaintiff/Counter-Defendant

7                    UNITED STATES DISTRICT COURT
8                    NORTHERN DISTRICT OF CALIFORNIA

9

10  TRANS-PACIFIC AVIATION SERVICES, INC.,   )   CASE NUMBER C08-00139 JCS
                                             )
11                   Plaintiff(s),           )
                                             )
12           v.                              )   **PLAINTIFF'S ANSWER TO**
                                             )   **DEFENDANT'S COUNTERCLAIM**
13                                           )
    PRIMARIS AIRLINES, INC., et al.,         )
14                                           )
15                   Defendant(s).           )
    _____)
16                                           )
    PRIMARIS AIRLINES, INC.,                 )
17                                           )
18                   Counter Claimant,       )
                                             )
19           v.                              )
                                             )
20                                           )
    TRANS-PACIFIC AVIATION SERVICES, INC.,   )
21  et al.,                                  )
                                             )
22                   Counter-Defendant(s).   )
    _____)
23

24      Plaintiff and Counter-Defendant, TRANS-PACIFIC AVIATION SERVICES, INC.,

25  (hereinafter "TRANS-PACIFIC") hereby answers the cross-complaint of Defendant and Counter-

26  Claimant, PRIMARIS AIRLINES, INC., (hereinafter "PRIMARIS") as follows:

27  1.  Answering paragraph 1, TRANS-PACIFIC admits that the Subject Matter Jurisdiction is

28

            - PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM -
                              - Pg. 1 -

proper pursuant to 28 USC §§1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Except as expressly admitted, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

2.  Answering paragraph 2, TRANS-PACIFIC admits that the United States District Court, Northern District of California, has pendent jurisdiction over this matter. Except as expressly admitted, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

3.  Answering paragraph 3, TRANS-PACIFIC admits that the United States District Court, Northern District of California, is the proper venue for this matter. Except as expressly admitted, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

4.  Answering paragraph 4, TRANS-PACIFIC admits that PRIMARIS is a Nevada Corporation with its principal place of business located in Clark County, Nevada. Except as expressly admitted, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

5.  Answering paragraph 5, TRANS-PACIFIC admits that it is a California Corporation with its

- PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM -
- Pg. 2 -

principal place of business in Alameda County, California. Except as expressly admitted, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

6. Answering paragraph 6, TRANS-PACIFIC admits entering into a "Standard Ground Handling Agreement" (hereinafter "Agreement") with PRIMARIS on or about October 27, 2006, wherein PRIMARIS agreed to pay for and TRANS-PACIFIC agreed to provide services to PRIMARIS. Except as expressly admitted, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

7. Answering paragraph 7, TRANS-PACIFIC admits providing maintenance on PRIMARIS' aircraft per the Agreement. Except as expressly admitted, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

8. Answering paragraph 8, TRANS-PACIFIC admits PRIMARIS complained about the amounts of TRANS-PACIFIC's billings. Except as expressly admitted, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively and specifically denies that PRIMARIS ever complained about the services which TRANS-PACIFIC performed and further, TRANS-PACIFIC specifically denies that it ever billed for work that it did not perform.

9. Answering paragraph 9, TRANS-PACIFIC admits that it offered PRIMARIS a discount

- PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM -
- Pg. 3 -

because PRIMARIS, at that time, was considered a valuable customer. Except as expressly admitted, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

10. Answering paragraph 10, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

11. Answering paragraph 11, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

12. Answering paragraph 12, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

13. Answering paragraph 13, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

14. Answering paragraph 14, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

15. Answering paragraph 15, TRANS-PACIFIC admits filing a special lien on three aircraft operated by PRIMARIS as a direct result of PRIMARIS failing to pay TRANS-PACIFIC for

the repairs, maintenance and services that it provided to PRIMARIS. Except as expressly

admitted above, TRANS-PACIFIC denies each and every, all and singular, allegations

contained therein, and each and every part thereof, both generally and specifically,

conjunctively and disjunctively.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

16. Answering paragraph 16, TRANS-PACIFIC repeats and affirms each and every response,

   denial and averment contained above and incorporates the same by reference as though fully

   set forth herein.

17. Answering paragraph 17, TRANS-PACIFIC denies each and every, all and singular,

   allegations contained therein, and each and every part thereof, both generally and specifically,

   conjunctively and disjunctively.

18. Answering paragraph 18, TRANS-PACIFIC denies each and every, all and singular,

   allegations contained therein, and each and every part thereof, both generally and specifically,

   conjunctively and disjunctively.

19.  Answering paragraph 19, TRANS-PACIFIC denies each and every, all and singular,

   allegations contained therein, and each and every part thereof, both generally and specifically,

   conjunctively and disjunctively.

20. Answering paragraph 20, TRANS-PACIFIC lacks information or belief sufficient to answer

   the allegations of paragraph 20, and basing its denial on this ground, denies each and every,

   all and singular, allegations contained therein, and each and every part thereof, both generally

- PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM -
- Pg. 5 -

and specifically, conjunctively and disjunctively.

## SECOND CAUSE OF ACTION

### (Unjust Enrichment)

21. TRANS-PACIFIC repeats and affirms each and every response, denial and averment contained above and incorporates the same by reference as though fully set forth at length herein.

22. Answering paragraph 22, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

23. Answering paragraph 23, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

24. Answering paragraph 24, TRANS-PACIFIC lacks information or belief sufficient to answer the allegations of paragraph 24, and basing its denial on this ground, denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

## THIRD CAUSE OF ACTION

### (Slander of Title)

25. TRANS-PACIFIC repeats and affirms each and every response, denial and averment contained above and incorporates the same by reference as though fully set forth at length herein.

26. Answering paragraph 26, TRANS-PACIFIC admits PRIMARIS holds an interest in the aircraft at issue in this dispute.

27. Answering paragraph 27, TRANS-PACIFIC admits Aircraft N742PA is owned by Pals VI, Inc.

28. Answering paragraph 28, TRANS-PACIFIC admits Aircraft N741PA is owned by Pegasus Aviation V. Inc..

29. Answering paragraph 29, TRANS-PACIFIC admits Aircraft N740PA is owned by East Trust Sub 2.

30. Answering paragraph 30, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

31. Answering paragraph 31, TRANS-PACIFIC lacks information or belief sufficient to answer the allegations of paragraph 31, and basing its denial on this ground, denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

32. Answering paragraph 32, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

33. Answering paragraph 33, TRANS-PACIFIC lacks information or belief sufficient to answer the allegations of paragraph 33, and basing its denial on this ground, denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally

1    and specifically, conjunctively and disjunctively.

2    34. Answering paragraph 34, TRANS-PACIFIC lacks information or belief sufficient to answer

3    the allegations of paragraph 34, and basing its denial on this ground, denies each and every,

4

5    all and singular, allegations contained therein, and each and every part thereof, both generally

6    and specifically, conjunctively and disjunctively.

7                              **FOURTH CAUSE OF ACTION**

8              **(Intentional Interference with a Contractual Relationship)**

9

10   35. TRANS-PACIFIC repeats and affirms each and every response, denial and averment

11   contained above and incorporates the same by reference as though fully set forth at length

12   herein.

13

14   36. Answering paragraph 36, TRANS-PACIFIC lacks information or belief sufficient to answer

15   the allegations of paragraph 36, and basing its denial on this ground, denies each and every,

16   all and singular, allegations contained therein, and each and every part thereof, both generally

17

18   and specifically, conjunctively and disjunctively.

19   37. Answering paragraph 37, TRANS-PACIFIC lacks information or belief sufficient to answer

20   the allegations of paragraph 37, and basing its denial on this ground, denies each and every,

21   all and singular, allegations contained therein, and each and every part thereof, both generally

22

23   and specifically, conjunctively and disjunctively.

24   38. Answering paragraph 38, TRANS-PACIFIC lacks information or belief sufficient to answer

25   the allegations of paragraph 38, and basing its denial on this ground, denies each and every,

26   all and singular, allegations contained therein, and each and every part thereof, both generally

27

28

                    - PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM -
                                      - Pg. 8 -

and specifically, conjunctively and disjunctively.

39. Answering paragraph 39, TRANS-PACIFIC lacks information or belief sufficient to answer the allegations of paragraph 36, and basing its denial on this ground, denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

## FIFTH CAUSE OF ACTION

### (Accounting)

40. TRANS-PACIFIC repeats and affirms each and every response, denial and averment contained above and incorporates the same by reference as though fully set forth at length herein.

41. Answering paragraph 41, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

42. Answering paragraph 42, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

43. Answering paragraph 43, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

44. Answering paragraph 44, TRANS-PACIFIC lacks information or belief sufficient to answer the allegations of paragraph 44, and basing its denial on this ground, denies each and every,

all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively. TRANS-PACIFIC provided PRIMARIS with bills of service accounting for all work done. If PRIMARIS has lost or destroyed such documentation, TRANS-PACIFIC can readily provide copies of said documentation.

45. Answering paragraph 45, TRANS-PACIFIC lacks information or belief sufficient to answer the allegations of paragraph 45, and basing its denial on this ground, denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively. TRANS-PACIFIC refers to and incorporates Paragraph 44 above.

46. Answering paragraph 46, TRANS-PACIFIC lacks information or belief sufficient to answer the allegations of paragraph 46, and basing its denial on this ground, denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief)

47. TRANS-PACIFIC repeats and affirms each and every response, denial and averment contained above and incorporates the same by reference as though fully set forth at length herein.

48. Answering paragraph 48, TRANS-PACIFIC asserts that PRIMARIS's balance with TRANS-PACIFIC is past due and outstanding, accruing interest. Except as expressly admitted above, TRANS-PACIFIC denies each and every, all and singular, allegations contained therein, and

- PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM -

each and every part thereof, both generally and specifically, conjunctively and disjunctively.

49.  Answering paragraph 49, TRANS-PACIFIC lacks information or belief sufficient to answer the allegations of paragraph 49, and basing its denial on this ground, denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

50. Answering paragraph 50, TRANS-PACIFIC lacks information or belief sufficient to answer the allegations of paragraph 50, and basing its denial on this ground, denies each and every, all and singular, allegations contained therein, and each and every part thereof, both generally and specifically, conjunctively and disjunctively.

## FIRST AFFIRMATIVE DEFENSE

TRANS-PACIFIC alleges that the counter claims except as admitted above fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

TRANS-PACIFIC alleges that if any damage was sustained by PRIMARIS, then said damages, and the whole or a part thereof, were and are the proximate and direct result of the conduct of persons or entities other then TRANS-PACIFIC, and in the event that TRANS-PACIFIC is found to be liable to PRIMARIS herein in any manner whatsoever, or at all, then TRANS-PACIFIC prays for leave of court to seek indemnification from such other persons or entities whose conduct may, wholly or in part, have contributed to said damages.

## THIRD AFFIRMATIVE DEFENSE

TRANS-PACIFIC alleges that if any injuries and/or damages were sustained by the

PRIMARIS, then the said injuries and/or damages, if any, and the whole or part thereof, were and are the proximate and direct result of the (a) recklessness, carelessness and negligence of PRIMARIS in failing to exercise ordinary care at or about the time and place referred to and described in PRIMARIS' counter claims and (b) PRIMARIS' breach of its contratcual obligations to TRANS-PACIFIC including but not limited to PRIMARIS' obligation to pay on services performed by TRANS-PACIFIC; which said recklessness, carelessness, negligence and breach on the part of PRIMARIS proximately and concurrently contributed to, caused and brought about, wholly or in part, whatever injuries and/or damages, if any, said PRIMARIS claim to have sustained.

### FOURTH AFFIRMATIVE DEFENSE

TRANS-PACIFIC alleges that if PRIMARIS were injured and/or damaged as set forth in their Counter Claims or in any other way, sum, manner, or at all, then said injuries and/or damages, and the whole thereof, proximately and concurrently resulted from and were caused by risks well known to PRIMARIS and voluntarily and expressly assumed by them.

### FIFTH AFFIRMATIVE DEFENSE

TRANS-PACIFIC alleges that under the terms of the contract, Paragraph 4, Release, Indemnity and Insurance, subsection 4.2, PRIMARIS release TRANS-PACIFIC from any and all liabilities, claims, demands, suits, damages and losses, including attorneys' fees, costs and expenses in any manner arising out of or in any way connected with the services furnished by TRANS-PACIFIC.

### SIXTH AFFIRMATIVE DEFENSE

TRANS-PACIFIC alleges under the terms of the contract, Paragraph 4, Release, Indemnity and Insurance, subsection 4.3, PRIMARIS waived any claim in excess of the amount of the price allocable to the goods or services alleged to be the cause of any loss or damage to PRIMARIS.

### SEVENTH AFFIRMATIVE DEFENSE

PRIMARIS signed the fee schedule which clearly states billing prices and practices and made multiple payments reflecting their understanding of the fee schedule before breaching their contractual duties and as a result have waived their right to challenge the prices charged and billing procedures of TRANS-PACIFIC.

### EIGHTH AFFIRMATIVE DEFENSE

PRIMARIS' claim should be reduced, modified and/or barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were available after reasonable inquiry upon the filing of this Answer and, therefore, PRIMARIS reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

**WHEREFORE**, having fully answered, TRANS-PACIFIC AVIATION SERVICES, INC., pray for the following relief against PRIMARIS:

TRANS-PACIFIC prays for the relief requested in the original complaint and that PRIMARIS take nothing, and that TRANS-PACIFIC have and recover judgment against

- PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM -
- Pg. 13 -

1    PRIMARIS for TRANS-PACIFIC's costs and attorney's fees incurred or to be incurred herein,

2    and for such other, further and different relief as this court may deem just and proper against

3

4    PRIMARIS.

5

6    Dated: February 29 , 2008                    MICHAEL L. DWORKIN AND ASSOCIATES

7

8

9

10                                               Michael L. Dworkin
                                                 John T. Van Geffen
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM -
- Pg. 14 -

**CERTIFICATE OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My Business address is 465 California St., Suite 210, San Francisco CA 94104.

I hereby certify that I have this day served the foregoing document(s):

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM**

via First class mail, postage prepaid, to the persons and at the addresses indicated below:

William Lowrance Darby
Wulfsberg Reese & Sykes PC
Kaiser Center
300 Lakeside Drive
24th Floor
Oakland, CA 94612

Dustin A. Johnson
Albright, Stoddard, Warnick & Albright
801 South Rancho Drive, Building D
Las Vegas, NV 89106

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   2/29/08   at San Francisco, California.
          Date

John T. Van Geffen