UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANS-PACIFIC AVIATION SERVICES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PRIMARIS AIRLINES, INC., et al.,<br><br>    Defendant.<br><br>PRIMARIS AIRLINES, INC.,<br><br>    Counter Claimant,<br><br>v.<br><br>TRANS-PACIFIC AVIATION SERVICES, INC., et al.,<br><br>    Counter-Defendant. | Case No: 008-00139:JCS<br><br>**JOINT<br>CASE MANAGEMENT STATEMENT**<br><br><br><br>Judge: Hon. Charles R. Breyer<br>Hearing: Friday, April 18, 2008 8:30 a.m.<br>Dept: Courtroom 8, 19th Floor |

**1. JURISDICTION AND SERVICE:**

The parties agree that this court has proper subject matter jurisdiction pursuant to 28 U.S.C. §1367 and 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000 and there is complete diversity. The parties are unaware of any issues existing regarding personal jurisdiction, venue, or of any parties remaining to be served.

**2. FACTS:**

    **(a) CHRONOLOGY OF FACTS**

On or about October 27, 2006, Plaintiff/CounterDefendant (herein "TRANS-PACIFIC") and Defendant/CounterClaimant (herein "PRIMARIS") entered into an Standard Ground Handling Agreement (hereinafter "AGREEMENT") under which TRANS-PACIFIC agreed to provide certain aircraft ground and maintenance services for PRIMARIS and which set out a pricing schedule which PRIMARIS agreed to pay.

When the AGREEMENT was entered into, TRANS-PACIFIC's business operation was in

Oakland, California. In order to better serve the PRIMARIS' aircraft fleet, PRIMARIS and TRANS-PACIFIC agreed to have TRANS-PACIFIC establish an additional facility at John F. Kennedy International Airport in New York (herein "JFK"). The agreement specifies that if the contract were terminated within the first two years, PRIMARIS would reimburse TRANS-PACIFIC the start-up costs of opening the New York facility, which is alleged to be $210,900.00.

PRIMARIS' last payment to TRANS-PACIFIC under the AGREEMENT was August 23, 2007. TRANS-PACIFIC last provided services to PRIMARIS on September 8th, 2007.

On or about October 16, 2007, PRIMARIS terminated the AGREEMENT and refused to make payment on those invoices TRANS-PACIFIC asserted as due and outstanding for services performed at PRIMARIS' behest in the amount of $365,215.13.

On November 6, 2007 TRANS-PACIFIC initiated this suit with Alameda County Superior Court claiming two causes of action: (1) Breach of Contract and (2) Common Counts.

On or about December 2007, TRANS-PACIFIC filed and recorded liens with the FAA Aircraft Registry on the three PRIMARIS-operated aircraft upon which TRANS-PACIFIC had provided services.

On or about January 9, 2007 PRIMARIS had this matter removed to Federal Court.

On or about January 15, 2007 PRIMARIS filed a Counter Claim against TRANS-PACIFIC claiming six causes of action: (1) Breach of Contract, (2) Unjust Enrichment, (3) Slander of Title, (4) Intentional Interference with a Contractual Relationship, (5) Accounting, and (6) Declaratory Relief.

    **(b)**     **THOSE FACTUAL ISSUES AT DISPUTE ARE:**

        (i.) Amount due under the contract for:

            (A) services rendered;

            (B) JFK start-up costs; and

            (C) interest.

        (ii.)     Unjust Enrichment:

            (A) whether charges for services not performed were charged and paid for;

            (B) whether services performed and received were paid for as charged.

        (iii.)     Slander of Title:

            (A) factual lienable amount, if any, as to the liens asserted by TRANS-PACIFIC.

       (iv.)   Interference with Contractual Relations:

          (A) TRANS-PACIFIC's knowledge of lease agreement by and between PRIMARIS and owner of aircraft (this issue is not disputed by TRANS-PACIFIC);

          (B) Whether TRANS-PACIFIC intentionally interfered with lease agreements;

          (C) Whether TRANS-PACIFIC lease agreements were disrupted as a result of interference; and

          (D) Whether PRIMARIS has been damaged as a result of the alleged interference.

**3. LEGAL ISSUES:** Disputed points of law, reference to specific statutes and decisions.

    **(a)** The principal legal issues that the parties dispute:

        None identified to date.

**4. MOTIONS:**

    No motions are pending or currently anticipated by either TRANS-PACIFIC or PRIMARIS.

**5. AMENDMENT OF PLEADINGS:**

    Neither party intends to join additional parties or claims at this time.

**6. EVIDENCE PRESERVATION:**

    (a) TRANS-PACIFIC is currently maintaining:

        (i) copies of Maintenance Records;

        (ii) copies of Flight Logs;

        (iii) copies of Parts Control Tags;

        (iv) electronically stored email correspondence between TRANS-PACIFIC and PRIMARIS;

        (v) demand letters sent by TRANS-PACIFIC to PRIMARIS; and

        (vi) financial records including invoices for JFK start-up costs, services rendered, finance charges, monthly statements, and customer open balance. These financial records were provided in TRANS-PACIFIC's Initial Disclosure pursuant to FRCP 26(a)(1).

    (b) PRIMARIS is currently maintaining:

        (i) copy of accounts payable;

1  (ii) copy of liens filed by TRANS-PACIFIC;
2  (iii) copy of lease agreement(s) for aircraft at issue herein;
3  (iv) maintenance records;
4  (v) flight logs; and
5  (vi) parts control tags.

6 **7. DISCLOSURES:**

7  Plaintiff/Counter-Defendant TRANS-PACIFIC served PRIMARIS with its' initial disclosure
8  pursuant to Fed. R. Civ. P. 26 on March 19th, 2008.
9  Defendant/Counter-Claimant PRIMARIS has not yet served TRANS-PACIFIC with an initial
10  disclosure pursuant to Fed. R. Civ. P. 26.

11 **8. DISCOVERY:**

12  No discovery has taken place to date.
13  TRANS-PACIFIC requests a 180 day discovery schedule.
14  PRIMARIS requests an extended discovery schedule of 300 days due to the extent of discovery
15  needing to be conducted in this matter. Of important concern in this matter is that the agreement entered
16  into between the parties concerned the repair and maintenance of aircraft in New York. PRIMARIS is
17  a small airline operating in Clark County, Nevada, with corporate offices located in Scottsdale, Arizona.
18  TRANS-PACIFIC on the other hand operates out of its corporate headquarters in Oakland, California.
19  Any depositions that occur in this matter will require travel and scheduling, which should be taken into
20  consideration in determining the length of discovery.

21 **9. CLASS ACTIONS: N/A**
22 **10. RELATED CASES: N/A**
23 **11. RELIEF:**
24  **(a) COMPLAINT**
25   (I) TRANS-PACIFIC has requested the following:
26    (A) damages of $576,115.13 consisting of:
27     (1) fees and services provided ( $365,215.13);
28     (2) JFK start-up costs ($210,900.00);

(B) Interest on the amounts due and owing at the rate of 10%.

(ii) Method for Calculating Interest:

(A) California substantive law allows for 10% prejudgement interest.

**(b) COUNTERCLAIM**

(I) PRIMARIS has requested the following:

(A) Actual damages, special damages, and consequential damages in an amount in excess of $75,000;

(B) Release of any and all liens TRANS-PACIFIC has against aircraft leased and used by PRIMARIS;

(C) An accounting of TRANS-PACIFIC's accounts and business records;

(D) Declaratory Relief regarding the rights and obligations of the parties;

(E) Attorneys' fees and costs of suit;

(F) other and further relief as Court deems just and proper.

**12. SETTLEMENT AND ADR:**

At this time there are no outstanding Settlement offers.

TRANS-PACIFIC has requested a Jury Trial and is agreeable to ADR.

PRIMARIS has not requested a Jury Trial.

**13. CONSENT TO MAGISTRATE JUDGE:**

TRANS-PACIFIC is agreeable to a magistrate judge.

PRIMARIS is not agreeable to a magistrate judge.

**14. OTHER REFERENCES:**

The Parties assert this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-district Litigation.

**15. NARROWING OF ISSUES:**

Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses have not yet been considered by the parties.

None at this time.

**16. EXPEDITED SCHEDULE:**

TRANS-PACIFIC requests a 180 day discovery schedule.

PRIMARIS objects to an expedited schedule and requests 300 days from date of filing its answer and counterclaim.

**17. SCHEDULING:**

**(a) Proposed Dates for Designation of Experts:**

TRANSPACIFIC requests Experts be designated by September 10th, 2008 and Experts deposed by October 15th, 2008.

PRIMARIS requests expert designated by September 10th, 2008, but depositions of experts must be concluded by close of discovery.

**(b) Discovery Cutoff:**

TRANSPACIFIC requests discovery, other then Expert depositions, be completed by September 1st, 2008.

PRIMARIS requests all discovery, including expert depositions be completed by November 11th, 2008.

**(c) Hearing of Dispositive Motions:**

TRANSPACIFIC requests Dispositive Motions be heard by November 1st, 2008.

PRIMARIS requests dispositive motions be heard by January 9th, 2009.

**(d) Pretrial Conference and Trial.**

TRANSPACIFIC requests the Pretrial Conference be conducted late October and Trial be held early-to-mid November.

PRIMARIS requests the Pretrial Conference be conducted late November, early December with trial being had in late January, 2009.

**18. TRIAL:**

TRANS-PACIFIC has requested a jury trial and expects a 5-7 day trial.

PRIMARIS has not requested a jury trial and expects a 5-7 day trial.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Both parties have filed the Certification of Interested Entities or Persons as required by Civil

1  Local Rule 3-16.

2  **20. OTHER MATTERS**

3  There are no other controversies or issues requiring the Court's intervention or ruling.

6  Respectfully submitted,

8  Dated: April         , 2008

    _____
9   John T. Van Geffen
10  Michael L. Dworkin
11  Attorneys for Plaintiff/Counter-Defendant

13  April  1  , 2008

    _____
14  Dustin A. Johnson
15  William B. Darby
16  Attorneys for Defendant/Counter-Claimant